[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16198
Non-Argument Calendar

_____

D.C. Docket Nos. 8:16-cv-01641-EAK-MAP,
8:11-cr-00181-EAK-MAP-1

KENNETH H. BURKE, JR.,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(November 27, 2018)

Before MARTIN, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

We sua sponte vacate our earlier opinion in this case and affirm the district court's judgment denying Kenneth Burke's motion to vacate his conviction and sentence under 28 U.S.C. § 2255.

Burke says the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidated his conviction for carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c). Section 924(c) defines a crime of violence in part as any felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). Johnson held similar language in 18 U.S.C § 924(e)(2)(B)(ii) unconstitutionally vague. 135 S. Ct. at 2557. This Court recently ruled in In re Garrett, No. 18-13680 (11th Cir. Nov. 2, 2018), that neither Johnson nor Sessions v. Dimaya, 138 S. Ct. 1204 (2018), invalidate § 924(c). Garrett thus forecloses Burke's argument. For this reason, we AFFIRM.

2

ROSENBAUM, Circuit Judge, concurring:

I concur in the panel's order affirming the district court's denial of Kenneth Burke's 28 U.S.C. § 2255 petition.  One of Burke's companion offenses for his conviction under 18 U.S.C. § 924(c) was attempted Hobbs Act robbery.  We have held that attempted Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)(3)(A)'s elements clause, without consideration of § 924(c)(3)(B)'s risk-of-force clause.  *United States v. St. Hubert*, No. 16-10874, 2018 WL 5993528 (Nov. 15, 2018).  Therefore, we are bound by that holding, and *Johnson v. United States*, 135 S. Ct. 2551 (2015), cannot affect Burke's conviction.  As a result, the district court did not err in denying Burke's § 2255 petition.  I would not opine further on Burke's *Johnson* claim, as it is unnecessary to resolve this appeal.